# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

JOSEPH LESLIE,                   :
                                        :
              Plaintiff,        :
                                          :
v.                                :      NO. 3:10cv963 (MRK)
                                        :
FEDERAL NATIONAL MORTGAGE  :
ASSOCIATION,                :
                                        :
             Defendant.     :

## RULING AND ORDER

This declaratory judgment action arises from a mortgage foreclosure proceeding currently pending in the Connecticut Superior Court against Plaintiff Joseph Leslie and his wife Meg Leslie.[1] *See* Complaint [doc. # 2] at ¶¶ 10-11; Exhibit A to Pierre-Yves Kolakowski Affidavit in Support of Motion to Dismiss [doc. # 10-1] at 1. Defendant Federal National Mortgage Association ("FNMA") is the plaintiff in the foreclosure proceeding. *See* Complaint [doc. # 2] ¶ 11. Mr. Leslie seeks a declaration from this Court that FNMA breached a term of its mortgage agreement with Mr. Leslie after Mr. Leslie fell into arrears on his mortgage payments, and thus that any foreclosure based on Mr. Leslie's default is "void." *See id.* ¶¶ 8, 20.

Pending before the Court is FNMA's Motion to Dismiss [doc. # 10] for failure to state a claim pursuant to Rule 12(b)(6) and for failure to join a required party pursuant to Rules 12(b)(7)

---

[1] Although Mrs. Leslie is a party to the mortgage agreement at issue in this case and a defendant in the underlying state-court foreclosure proceeding, she has not been joined as a plaintiff in this case. *See* Memorandum of Law in Support of Defendant Federal National Mortgage Association's Motion to Dismiss [doc. # 10-4] at 16.

and 19 of the *Federal Rules of Civil Procedure*. For the reasons set forth below, the Court agrees with FNMA that even if this Court has jurisdiction over Mr. Leslie's declaratory judgment action, it also has the discretion to refuse to exercise that jurisdiction. *See Brillhart v. Excess Ins. Co.*, 316 U.S. 491 (1942); *Dow Jones & Co. Inc. v. Harrods Ltd.*, 346 F.3d 357 (2d Cir. 2003).[2] The Court declines to exercise jurisdiction over Mr. Leslie's declaratory judgment action, and FNMA's Motion to Dismiss [doc. # 10] is therefore GRANTED.

## I.

Because of the procedural posture of this case, the Court accepts as true all factual allegations in the Complaint and draws all inferences from those allegations in favor of Mr. Leslie. *See Boykin v. KeyCorp.*, 521 F.3d 202, 214 (2d Cir. 2008). Mr. Leslie is one of the owners of a residence at 9 Cherrywood Drive in Ellington, Connecticut. On May 30, 2001, Mr. Leslie borrowed $165,343.00 from Bank of America, secured by a mortgage on the residence. In its mortgage agreement with Mr. Leslie, Bank of America promised to comply with 24 C.F.R. § 203-604, which requires a mortgagee

---

[2] Because the Court exercises its discretion to decline jurisdiction over Mr. Leslie's declaratory judgment action, the Court does not reach FNMA's arguments that this case should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(A), *see* Memorandum of Law in Support of Defendant Federal National Mortgage Association's Motion to Dismiss [doc. # 10-4] at 13-15; and Rule 12(b)(7). *See id.* at 16-21. The Court expresses no opinion regarding whether the Anti-Injunction Act, 28 U.S. § 2283, absolutely bars district courts from exercising jurisdiction over declaratory judgment actions that effectively seek to delay and disrupt pending state-court civil proceedings. *See* Memorandum of Law in Support of Defendant Federal National Mortgage Association's Motion to Dismiss [doc. # 10-4] at 11-13 (citing *Texas Employers' Insur. Assoc. v. Jackson*, 862 F.2d 491, 506 (5th Cir. 1988) (en banc) ("[W]e follow the weight of authority in holding that '[i]f an injunction would be barred by § 2283, this should also bar the issuance of a declaratory judgment that would have the same effect as an injunction."), *cert. denied*, 490 U.S. 1035 (1989)); *cf. McLucas v. Palmer*, 427 F.2d 239, 241-42 (2d Cir. 1970) ("A declaratory judgment would create the same opportunity as an injunction for delay and disruption of the state criminal proceeding and the same danger of having federal courts plunge themselves into the consideration of issues that may prove academic or at least may appear in a different light after trial."), *cert. denied*, 90 S. Ct. 2271 (1970).

to have a face-to-face interview with the mortgagor who defaulted on mortgage payments, or to make a reasonable effort to arrange such a meeting, before commencing foreclosure proceedings. Bank of America sold the mortgage to FNMA on June 1, 2004.

Sometime in 2004, Mr. Leslie fell into arrears on his mortgage payments. When Mr. Leslie fell into arrears, FNMA made no attempt to hold a face-to-face meeting with Mr. Leslie. Instead, FNMA immediately appointed Mortgage Electronic Registration Systems, Inc. ("MERS") to institute a foreclosure proceeding on FNMA's behalf. The complaint in the MERS foreclosure proceeding was withdrawn on August 22, 2005, but on September 6, 2007, FNMA filed a second foreclosure proceeding against Mr. and Mrs. Leslie in the Connecticut Superior Court. FNMA again failed to hold a face-to-face meeting, or to attempt to hold a face-to-face meeting, with Mr. Leslie before commencing the second foreclosure proceeding. Mr. Leslie has asserted as a defense in that proceeding that FNMA failed to comply the term requiring FNMA to hold or attempt to hold a face-to-face meeting before foreclosing on the mortgage.

On June 18, 2010, Mr. Leslie filed his Complaint [doc. # 10] in this Court. Mr. Leslie seeks a declaration that FNMA "has not complied with the terms of the mortgage sufficient to allow FNMA to initiate or maintain a foreclosure of the home and therefore any foreclosure of the home as a result of the 2007 foreclosure would be void." *See* Complaint [doc. # 2] ¶ 20. On June 16, 2008, Mr. Leslie filed a Motion for Temporary Restraining Order [doc. # 4] to prohibit FNMA from further prosecuting the underlying state-court foreclosure action; Mr. Leslie filed a Motion for Preliminary Injunction [doc. # 7] seeking the same relief on June 24, 2010. FNMA filed its Motion to Dismiss [doc. # 10] on July 8, 2010. On July 9, 2010, the Court granted FNMA's Motion to Stay [doc. # 11] consideration of the TRO and preliminary injunction motions pending resolution of the

motion to dismiss. *See* Order [doc. # 12] dated July 9, 2010. The trial in the underlying state-court action is currently set to commence on September 16, 2010. *See* Motion to Stay [doc. # 11] at 16.

## II.

This Court's jurisdiction over declaratory judgment actions such as Mr. Leslie brings here is discretionary, not mandatory. *See Brillhart*, 316 U.S. at 495. As the Second Circuit stated only a few years ago in *Dow Jones & Co., Inc. v. Harrods Ltd.*:

> The Declaratory Judgment Act by its express terms vests a district court with discretion to determine whether it will exert jurisdiction over a proposed declaratory action or not. The statute reads, "In a case of actual controversy within its jurisdiction . . . any court of the United States . . . *may* declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a)(emphasis added). Courts have consistently interpreted this permissive language as a broad grant of jurisdiction over a declaratory action that they would otherwise be empowered to hear.

346 F.3d at 359. The Second Circuit has adopted a five-factor test for district courts to use in determining whether to exercise such jurisdiction. *See id.* at 359-60 (citing *Broadview Chem. Corp. v. Loctite Corp.*, 417 F.2d 998, 1001 (2d Cir. 1969)). Those factors are: (1) whether the judgment will serve a useful purpose in clarifying or settling the issues involved; (2) whether a judgment would finalize the controversy and offer relief from uncertainty; (3) whether the proposed remedy is being used merely for "procedural fencing" or a "race to res judicata"; (4) whether the use of a declaratory judgment would increase friction between sovereign legal systems or improperly encroach on the domain of a state or foreign court; and (5) whether there is a better or more effective remedy. *See id.*

Two of the *Dow Jones* factors counsel in favor of this Court's exercise of jurisdiction over Mr. Leslie's declaratory judgment action. It is undoubtedly true that a declaration from this Court regarding whether FNMA breached a term of its mortgage agreement with Mr. Leslie would clarify a legal issue involved in the pending state-court action. Furthermore, if Mr. Leslie is correct that

FNMA's breach of that particular term prohibits FNMA from foreclosing on the mortgage, a declaration from this Court would finalize the controversy between Mr. Leslie and FNMA.

However, the Court is persuaded that the other three factors very strongly counsel against the Court's exercise of jurisdiction over Mr. Leslie's action, and that the Superior Court is the better forum for resolution of the issues Mr. Leslie has raised in both courts. Mr. Leslie does not allege that there have been any flaws in the Superior Court's handling of the foreclosure case against him and his wife. Instead, he argues that this Court should intervene and grant a declaratory judgment because there is a *possibility* that the Superior Court will reject his asserted defense based on FNMA's breach of the mortgage agreement. *See* Complaint [doc. # 2] ¶ 20. Mr. Leslie further admits that the issue he raised as a defendant in the Superior Court and raises again here as a plaintiff – that is, whether FNMA breached the contract term incorporating language from 24 C.F.R. § 203-604 – is a state law issue, not a federal law issue. *See* Complaint [doc. # 2] ¶ 20. It thus appears to the Court that Mr. Leslie's declaratory judgment action is a form of "procedural fencing" designed to stop a Superior Court proceeding on the eve of trial; that intervening in the Superior Court proceeding under such circumstances would needlessly create friction between state and federal courts; and that the state law issues Mr. Leslie raises here "can better be settled in the proceeding pending in the state court." *Brillhart*, 316 U.S. at 495.

### III.

For the foregoing reasons, FNMA's Motion to Dismiss [doc. # 10] is GRANTED. Mr. Leslie's Application for Temporary Restraining Order [doc. # 4] and Mr. Leslie's Motion for Preliminary Injunction [doc. # 7] are therefore DENIED as moot. The Clerk shall enter judgment of dismissal and close the case.

IT IS SO ORDERED.


/s/ _____Mark R. Kravitz_____
Mark R. Kravitz
United States District Judge



Dated at New Haven, Connecticut: **August 4, 2010.**